UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RINCON HERNANDEZ, ) | 1:07-CV-01208 AWI SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| ) | |
| CHARLES DEROSA, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is challenging his 2003 conviction in the United States District Court for the Central District of California of conspiracy with intent to distribute a controlled substance, possession with intent to distribute a controlled substance. Petitioner is in the custody of the Bureau of Prisons at the California City Correctional Center located in California City, California.

On August 20, 2007, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

1  U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719
2  F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
3  643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.
4  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by
5  way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States,
6  929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
7  F.2d 840, 842 (5th Cir.1980).

8  In contrast, a federal prisoner challenging the manner, location, or conditions of that
9  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
10 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
11 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
12 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd
13 Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United
14 States, 610 F.2d 672, 677 (9th Cir. 1990).

15 A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he
16 can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of
17 his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although
18 there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the
19 Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 234 F.3d
20 1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of
21 limitations); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (Dismissal of a successive motion
22 attacking sentence did not render such motion procedure an ineffective or inadequate remedy, so as
23 to authorize federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's
24 denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at
25 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition
26 inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582
27 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural
28 requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

1 The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v.
2 United States, 315 F.2d 76, 83 (9th Cir. 1963).

3 In this case, Petitioner challenges the underlying conviction and sentence. Because he is
4 alleging errors in his conviction and sentence, and not errors in the administration of his sentence,
5 the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be
6 dismissed. In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should
7 the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate
8 or set aside pursuant to 28 U.S.C. § 2255.[1] The petition must be dismissed.

## RECOMMENDATION

10 Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
11 DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under
12 28 U.S.C. § 2241.

13 These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
14 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
15 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
16 California. Within thirty (30) days after being served with a copy, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall
19 be served and filed within ten (10) court days (plus three days if served by mail) after service of the
20 objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
21 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
22 the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 IT IS SO ORDERED.

24 **Dated:   September 11, 2007**            **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges convictions and sentences adjudicated in the U.S. District Court for the Central District of California.

E. D. California          cd                        3